Tomas M. Flores (SBN 236876)
97 S. Second Street, Suite 100
San Jose, CA 95113
Telephone: (780) 410-8356
Facsimile: (408) 854-4300
E-mail: tom@floreslegal.com

Attorney for Plaintiff
PIYUSH GUPTA

Mitchell F. Boomer (SBN 121441)
Scott P. Jang (SBN 260191)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: boomerm@jacksonlewis.com

Attorneys for Defendant
INTERNATIONAL BUSINESS
MACHINES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIYUSH GUPTA,<br><br>                  Plaintiff,<br><br>          v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION (IBM),<br><br>                  Defendant. | Case No. 14-CV-01358-EJD<br><br>**SECOND JOINT TRIAL SETTING (PRELIMINARY PRE-TRIAL) CONFERENCE STATEMENT**<br><br>[HON. EDWARD J. DAVILA]<br><br>Date:  April 23, 2015<br>Time:  11:00 a.m.<br>Place:  Courtroom 4<br><br>Complaint Filed:  February 24, 2014<br>Trial Date:  None set |

Counsel for Plaintiff Piyush Gupta and Defendant International Business Machines Corporation ("Defendant" or "IBM") offer the following Trial Setting Conference Statement.

**1.   Jurisdiction and Service**

Subject matter jurisdiction is proper under 28 U.S.C. §§ 1332 and 1441(a) (Diversity Removal) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendant was, at the

1

Case No. 14-CV-01358-EJD

time of the filing of the Complaint, and still is, a corporation incorporated under the laws of the State of New York, with its principal place of business and headquarters in the State of New York. Plaintiff is a California resident.

All parties have been served.

2. **Substance of the Action**

Plaintiff Piyush Gupta worked for Defendant IBM between 1985 and 1995 until he left to join another company. He later rejoined IBM in May 2009 when IBM acquired a startup company that he had co-founded. Plaintiff voluntarily decided to retire from IBM effective in August 2013. IBM worked with Plaintiff to help him achieve a graceful exit from the company which not only allowed him to retire but made him eligible to receive separation benefits by including his discharge within a company resource action

Before his retirement from IBM, Plaintiff contends that sitting for extended periods of time using the computer and talking on the phone exacerbated or caused him to develop chronic back pain that limited his ability to function. Plaintiff alleges IBM failed to reasonably accommodate his condition in two ways. First, he requested permission to fly business class on business trips and, although IBM granted this request, he contends it should have taken less time for IBM to do so. Second, he requested that IBM provide him with an ergonomic workspace and, although IBM conducted an analysis of his ergonomic needs and approved his request for ergonomic furniture, he never received this furniture. IBM's position is that it did not deliver the work station because Plaintiff had voluntarily elected to retire from IBM and his final employment date was set just days after the equipment would be available. Plaintiff argues he should have been able to use it for the short time before his retirement so he could find out if it helped and then decide to buy equipment for himself after he retired.

Before his retirement date, Plaintiff suggested he extend his employment so he could take a final business trip to India to work on client development projects for IBM. IBM agreed and Plaintiff took this trip. Because he extended his trip to India for personal vacation reasons, his retirement date occurred before he returned to the United States.

///

Plaintiff now contends that he would not have taken this trip, and would instead have pursued short-term disability leave and benefits, if he had not been told by an IBM Human Resources representative that IBM could terminate his employment as part of a resource action even if he was on short-term disability. Plaintiff asserts this alleged "misrepresentation" lead him to withdraw his pending application for short-term disability leave and to instead make his final trip to India. (IBM had processed an earlier application for short-term disability from Plaintiff, but he withdrew the request so he could take his final trip to India.) Plaintiff claims this defrauded him of his right to recover short-term disability benefits and, potentially, long-term disability benefits.

IBM's position is that it provided Plaintiff with correct information about his eligibility for short-term disability, and made no knowing or intentional misrepresentations. IBM honored Plaintiff's decision to retire, acceded to his request to cancel his previously approved short-term disability leave, and supported his idea to make the final trip to India.

3. **Legal Issues**

Plaintiff's complaint asserts causes of action for: (1) Disability Discrimination in Violation of the California Fair Employment and Housing Act (FEHA); (2) Disability Discrimination in Failure to Engage in Timely, Good Faith Interactive Process (FEH); (3) Failure to Provide Disability Accommodation (FEHA); (4) Fraud in the Inducement; and (5) Wrongful Termination in Violation of Public Policy. The following legal issues arise from these claims:

(a) Did Plaintiff timely exhaust his administrative remedies which are a prerequisite for his three FEHA based causes of action?

(b) Was Plaintiff a disabled individual under FEHA?

(c) Did IBM fulfill its obligation to engage in an interactive process with Plaintiff to provide reasonable accommodation?

(d) Can Plaintiff establish essential elements of his causes of action?

(e) Would IBM have made the same decisions with respect to Plaintiff's employment that it made with or without any alleged discriminatory animus?

(f) Did IBM knowingly make a misrepresentation to Plaintiff?

(g) Did Plaintiff reasonably rely on an alleged misrepresentation by IBM?

(h) Did Plaintiff rely to his detriment on an alleged misrepresentation by IBM?

(i) To what extent, if any, was Plaintiff eligible for short-term disability benefits in light of his voluntary retirement?

(j) Did Plaintiff waive any claim he might have been able to assert for short-term disability benefits?

(k) Should the Court grant summary judgment, or partial summary judgment, to IBM?

(l) Should Plaintiff's claim for punitive damages be stricken?

**4. Motions**

There are no prior or pending motions.

Plaintiff may move to amend his complaint.

IBM anticipates filing a Motion for Summary Judgment.

**5. Discovery**

IBM has deposed Plaintiff and obtained an initial production of documents. Plaintiff has recently served written discovery. The Court previously extended the fact discovery cut-off deadline until April 27, 2015.

**6. Settlement and ADR**

The parties have scheduled a mediation for May 27, 2015 with court-appointed mediator Victor Schachter. The parties have met and conferred and are interested in participating in the Northern District's mediation program. The parties may, alternatively, agree to private mediation.

**7. Bifurcation and Separate Trial of Issues**

The parties agree this trial does not warrant bifurcation or separate trial of issues.

**8. Trial**

Because of conflicting trial and other commitments of counsel for both parties and the mediator, the parties have scheduled mediation in this case for May 27, 2015. However, per the Court's initial case management order, IBM must file its summary judgment motion on or before April 27, 2015. Both parties agree it would enhance the prospects for settlement if the mediation

precedes filing of IBM's summary judgment motion; therefore, the parties have filed a contemporaneous stipulation requesting a later deadline for filing of dispositive motions.

If the case does not settle at mediation and/or the court denies IBM's summary judgment in whole or in part, then the parties can be ready for trial within 90 days from issuance of the Court's order on summary judgment.

Plaintiff has requested a jury trial. The parties estimate that the trial will require 6-9 court days.

Plaintiff's counsel is scheduled for trial or arbitration on September 14 through September 18. Defense counsel is currently scheduled for arbitration or trial on September 9, 2015 (3-day arbitration), October 12, 2015 (week-long arbitration), and November 2, 2015 (two-week trial).

**9. Scheduling**

As noted in section 8 above, the parties respectfully request that the deadline for filing dispositive motions be extended from April 27, 2015 until at least two weeks after the scheduled mediation in this action set for May 27, 2015.

**10. Other Matters**

Not applicable.

Dated: April 8, 2015                    JACKSON LEWIS P.C.

                                        By:   s/Mitchell F. Boomer
                                              Mitchell F. Boomer
                                              Attorneys for Defendant
                                              INTERNATIONAL BUSINESS MACHINES
                                              CORPORATION (IBM)

Dated: April 8, 2015                    By:   s/Tomas M. Flores
                                              Tomas M. Flores
                                              Attorney for Plaintiff
                                              PIYUSH GUPTA