Mitchell F. Boomer (State Bar No. 121441)
Alka Ramchandani (State Bar No. 262172)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA  94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail: boomerm@jacksonlewis.com
E-mail: alka.ramchadani@jacksonlewis.com

Attorneys for Defendant
INTERNATIONAL BUSINESS
MACHINES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIYUSH GUPTA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION (IBM),<br><br>　　　　　Defendant. | Case No.  5:14-cv-01358-EJD<br><br>**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE , SUMMARY ADJUDICATION**<br><br>Date:　　　July 30, 2015<br>Time:　　　9 a.m.<br>Ctrm.:　　　4, 5th Floor<br>Judge:　　　Hon. Edward J. Davila<br>　　　　　　District Judge<br><br>Removal Filed:  March 26, 2014<br>Trial Date:　　 January 5, 2016 |

Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION (hereinafter "Defendants") submits the following Separate Statement of Undisputed Material Facts in support of its motion for summary judgment or, in the alternative, summary adjudication of specific claims stated against it by Plaintiff PIYUSH GUPTA ("Plaintiff" or "Gupta").

1

SEP. STMT. OF UMF ISO DEF'S MOTION FOR SUMMARY
JUDGMENT OR, IN THE ALT., SUMMARY ADJUDICATION　　　　　　　　　　　Case No. 5:14-CV-01358-EJD

| | Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|---|
| | **Claim 1: "Disability Discrimination"** | | |
| | 1. Plaintiff cannot make out the third prong of the *prima facie* case for disability discrimination (i.e. requiring a causal link between his alleged disability and IBM's decision to select him for layoff). | Fact 1: When she recommended plaintiff be selected for layoff as part of reduction in force, Suh was heavily influenced by the fact plaintiff had recommended to him that she put him on her layoff list.<br><br>[Declaration of Inhi Suh ("Suh Decl.") ¶13; see also Deposition of plaintiff Piyush Gupta ("Gupta Depo") 76:4-77:25 (admitting he suggested to Suh that she place him on her layoff list); Gupta Depo 75:12-15, 78:7-13 (admitting Suh told him she was "taking him up" on his "suggestion"]<br><br>**NOTE:** All excerpts to plaintiff's deposition cited in Defendant IBM's moving papers are attached at the Declaration of Mitchell F. Boomer filed contemporaneously herewith. | |
| | | Fact 2: In selecting plaintiff for layoff, Suh also considered that: the position he held had been newly created by her for him after he had previously expressed a desire to leave IBM (and was a luxury), his function could be more effectively replaced by others, and she had rated him "Needs Improvement" on his most recent performance review.<br><br>[Suh Decl. ¶13] | |
| | 2. IBM had legitimate, non-discriminatory reasons for discharging plaintiff. | Fact 3: In June 2013, IBM's Software Group implemented a broad reduction in force (referred to by IBM as a "Resource Action") to streamline operations, reduce costs and improve productivity.<br><br>[Suh Decl. ¶ 11; Declaration of Ed Matchak ("Matchak Decl.") ¶ 4] | |
| | | Fact 4: The IBM Software Group's broad Resource Action resulted in significant layoffs.<br><br>[Suh Decl. ¶ 11; Matchak Decl. ¶ 4; | |

2

| | | | |
|---|---|---|---|
| 1 | | Gupta Depo 215:11-14] | |
| 2-5 | | Fact 5: Suh was tasked with recommending individuals from her team who could be laid off in an effort to streamline operations and improve productivity.<br><br>[Suh Decl. ¶ 11] | |
| 6-15 | | Fact 6: When Suh selected plaintiff for layoff, she was heavily influenced by his the fact he had recommended she do so. Suh also considered that: the position he held had been newly created by her for him after he had previously expressed a desire to leave IBM (and was a luxury), his function could be more effectively replaced by others, and she had rated him "Needs Improvement" on his most recent performance review.<br><br>[Suh Decl. ¶ 13; see also Gupta Depo 76:4-77:25 (admitting he suggested to Suh that she place him on her layoff list); Gupta Depo. 75:12-15, 78:7-13 (admitting Suh told him she was "taking him up" on his "suggestion"] | |
| 16-18 | 3. Plaintiff cannot show IBM's legitimate non-discriminatory reasons for discharging him were a pretext for discrimination | Fact 7: Plaintiff admitted in his deposition testimony that he knew of no facts suggesting discriminatory motive by IBM.<br><br>[Gupta Depo 188:21-189:23] | |
| 19-22 | | Fact 8: Plaintiff also admits that neither Suh nor anyone at IBM made any negative, belittling or insensitive remarks about him or his medical condition.<br><br>[Gupta Depo 116:9-18] | |
| 23-26 | | Fact 9: In February or March of 2013, Gupta requested two separate accommodations: (1) permission to fly business class on overseas flights and (2) an ergonomic workspace.<br><br>[Gupta Depo. 108:2-109:25; 114:1-116:6; Suh Decl. ¶ 9, 10, Ex. E] | |
| 27-28 | | Fact 10: IBM granted both plaintiff's request to fly business class on overseas flights and to order ergonomic | |

3

SEP. STMT. OF UMF ISO DEF'S MOTION FOR SUMMARY
JUDGMENT OR, IN THE ALT., SUMMARY ADJUDICATION                    Case No. 5:14-CV-01358-EJD

| | | |
|---|---|---|
| | furniture for his home office. [Gupta Depo. 108:2-109:25; 114:1-116:6; Suh Decl. ¶ 9, 10, Ex. E] | |
| **Claim 2: "Failure to Engage in the "Interactive Process""** | | |
| 4. Plaintiff cannot meet the fourth essential element of this claim (i.e. failure to engage in good faith interactive process over possible reasonable accommodation). | Fact 11: IBM granted both plaintiff's requests for reasonable accommodation without engaging in "ritualized discussions" by approving his request to fly business class on long distance flights and ordering ergonomic furniture for his home office. [Gupta Depo. 108:2-109:25; 114:1-116:6; Suh Decl. ¶ 9, 10, Ex. E] | |
| **Claim 3 "Reasonable Accommodation:** | | |
| 5. Plaintiff cannot satisfy the third essential element of this claim (i.e. failure to provide reasonable accommodation). | Fact 11: IBM granted both plaintiff's requests for reasonable accommodation without engaging in "ritualized discussions" by approving his request to fly business class on long distance flights and ordering ergonomic furniture for his home office. [Gupta Depo. 108:2-109:25; 114:1-116:6; Suh Decl. ¶ 9, 10, Ex. E] | |
| **Claim 4: "Fraudulent Inducement"** | | |
| 6. Plaintiff cannot identify any misrepresentation, and thus cannot establish the first essential element of his fraudulent inducement claim. | Fact 12: The statements plaintiff alleges to be misrepresentations made by Ed Matchak, as shown in their "Instant Messaging Chat" transcript, were general, equivocal and non-committal. [Matchak Decl. ¶¶ 8-14, Ex. M] | |
| 7. Plaintiff cannot show Matchak had actual knowledge of the supposed falsity of his alleged statement(s), and thus cannot establish the second essential element of fraud. | Fact 13: Matchak lacked the knowledge to answer Gupta's questions, gave non-committal general responses, and invited Gupta to follow up with him later if he wanted to coordinate with IBM Medical. [Matchak Decl. ¶¶ 12, 14] | |
| 8. Plaintiff cannot show Matchak intended to | Fact 14: Matchak denies having any intent to deceive Gupta. | |

4

SEP. STMT. OF UMF ISO DEF'S MOTION FOR SUMMARY
JUDGMENT OR, IN THE ALT., SUMMARY ADJUDICATION                Case No. 5:14-CV-01358-EJD

| | | | |
|---|---|---|---|
| | mislead or deceive him, and thus cannot prove the third essential element of fraud. | [Matchak Decl. ¶13] | |
| | 9. Plaintiff cannot show he reasonably relied on Matchak's supposed misrepresentation(s), and thus cannot demonstrate the fourth essential element of fraud. | Fact 15: Plaintiff contacted his doctor who in turn provided paperwork that plaintiff caused to be submitted to IBM withdrawing his STD request. [Gupta Depo 92:24-92:2, 96:8-12, 152:17-153:17; 155:20-156:1, 232:4-7, Ex's 9, 15, 28; Suh Decl. ¶ 18, Ex F] | |
| | | Fact 16: IBM cancelled plaintiff's STD leave request, which IBM had previously approved, only after receiving plaintiff's doctor's withdrawal of his STD leave request. Based on his decision to opt out of STD, Gupta was not on STD when his employment ended. [Suh Decl. ¶ 18, Ex. F; Gupta Depo 92:24-92:2, 96:8-12, 152:17-153:17; 155:20-156:1, 232:4-7, Ex's 9, 15, 28] | |
| | | Fact 17: Gupta was not on STD when his employment ended, and thus not eligible for STD at the time of his separation from IBM. [Suh Decl. ¶ 18, Ex. F; Matchak Decl. ¶ 17; Gupta Depo 148:16-20, 155:20-156:1, Ex's 9, 15, 28] | |
| | | Fact 18: Plaintiff wrote to IBM's Integrated Health Service's Mary Temo on or about August 8, 2013: "*Instead of going on disability, I have chosen to retire.*" [Gupta Depo 129:9-12, Ex. 7] | |
| | | Fact 19: Plaintiff considered the trip he chose to take to India to be "important." [Suh Decl. ¶ 17; Gupta Depo 96:3-7; 90:13-21] | |
| | | Fact 20: Plaintiff added time on to the end of his trip to India for a personal vacation. [Gupta Depo 96:23-97:6; Suh Decl. ¶ 19] | |

5

SEP. STMT. OF UMF ISO DEF'S MOTION FOR SUMMARY
JUDGMENT OR, IN THE ALT., SUMMARY ADJUDICATION                Case No. 5:14-CV-01358-EJD

| | | | |
|---|---|---|---|
| 1, 2 | 10. Claim 5: Wrongful Termination in Violation of Public Policy | | |
| 3–13 | 11. Plaintiff cannot establish the necessary public policy violation required to support his claim for wrongful discharge in violation of public policy. | Fact 21: As detailed in Facts 1-5 above, and incorporated herein by reference, IBM laid off plaintiff from his position as part of a broad reduction in force within its Software Group. His manager, Suh, selected plaintiff for layoff largely because he had recommended she do so; she also considered the fact his current position had been newly created by her, and could be replaced more easily by others as well as his past "Needs Improvement" review.<br><br>Gupta Depo 76:4-77:25 (admitting he suggested to Suh that she place him on her layoff list); Gupta Depo 75:12-15, 78:7-13 (admitting Suh told him she was "taking him up" on his "suggestion," 215:11-14; Suh Decl. ¶¶ 11-13; Matchak Decl. ¶ 4; Gupta Depo 215:11-14 ] | |
| 14–19 | | Fact 22: As detailed in Facts 6 and 7 above, which IBM incorporates herein by reference, plaintiff admitted in his deposition testimony that he knew of no facts suggesting discriminatory motive and also admits that neither Suh nor anyone at IBM made any negative, belittling or insensitive remarks about him or his medical condition.<br><br>[Gupta Depo 188:21-189:23; 116:9-18] | |
| 20–25 | | Fact 23: As detailed in Fact 8 (and as repeated in Facts 9 and 10) above, IBM never opposed plaintiff's requests for reasonable accommodation. To the contrary, IBM appropriately granted both plaintiff's requests for reasonable accommodation by approving his request to fly business class on long distance flights and ordering ergonomic furniture for his home office.<br><br>Gupta Depo. 108:2-109:25; 114:1-116:18; Suh Decl. ¶ 9, 10, Ex. E | |
| 26–28 | | Fact 24: Plaintiff was an at-will employee.<br><br>[Gupta Depo 167:3-169:8; Ex. 21] | |

6

SEP. STMT. OF UMF ISO DEF'S MOTION FOR SUMMARY
JUDGMENT OR, IN THE ALT., SUMMARY ADJUDICATION                     Case No. 5:14-CV-01358-EJD

Content:

| **Punitive Damages** | | |
|---|---|---|
| 12. Plaintiff cannot establish by clear and convincing evidence that IBM acted with malice fraud or oppression. | Fact 25: IBM hereby incorporates Facts 1-24 above as if fully set forth herein. | |

Attestation:  I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

Dated: June 8, 2015

Respectfully submitted,

JACKSON LEWIS P.C.

By: *[signature]*
Mitchell F. Boomer
Alka Ramchandani
Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES CORPORATION
7

SEP. STMT. OF UMF ISO DEF'S MOTION FOR SUMMARY
JUDGMENT OR, IN THE ALT., SUMMARY ADJUDICATION    Case No. 5:14-CV-01358-EJD