TOMAS M. FLORES (SBN 236876)
97 S. SECOND STREET - SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300
*tom@floreslegal.com*

Counsel for Plaintiff
PIYUSH GUPTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIYUSH GUPTA,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION (IBM),<br><br>Defendant. | Case No. 14-CV-01358-EJD<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT AND TO REMAND ACTION TO STATE COURT**<br>_____<br><br>Date: July 30, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 4, 5th Floor |

9890.1

1  TO:   IBM AND ITS ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on July 30, 2015 at 9:00 a.m., or as soon
3  thereafter as the matter may be heard, in Courtroom 4, 5th Floor of the above-
4  entitled Court, located at 280 South 1st Street, San Jose, California 95113, Plaintiff
5  Piyush Gupta will and hereby does move this Court for leave to amend the
6  complaint and to remand the action to the Superior Court of California, County
7  of Santa Clara, Case No. 114-CV-261115.

8      This motion is and will be based on this Notice of Motion and
9  accompanying memorandum of points and authorities, the Declaration of Tomas
10 M. Flores, on all other documents contained in the Court's files, and such other
11 and further matters as may properly be brought before the Court at the hearing
12 on the motion.

14 Dated:  June 10, 2015

                                   Tomas M. Flores
                                   Counsel for Plaintiff Piyush Gupta

## PROCEDURAL STATUS

On February 24, 2014, Plaintiff Piyush Gupta filed the Complaint at the Superior Court of California, County of Santa Clara, Case No. 114-CV-261115. On March 26, 2014, Defendant IBM filed a Notice of Removal of Action to Federal Court.

## LEGAL ARGUMENT

I. PLAINTIFF SHOULD BE ALLOWED TO AMEND THE ORIGINAL VERIFIED COMPLAINT SO THAT HIS LAWSUIT MAY BE DETERMINED ON ITS MERITS.

The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here

Fed. R. Civ. P. 15(a) governs amendments to pleadings and provides that, absent stipulation, after a responsive pleading has been filed subsequent amendments are permitted only with leave of the court. Under Rule 15(a), "leave shall be freely granted when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court repeatedly have reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).[1].

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

---

[1] *See e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991).

party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

To overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial. *Genentech v. Abbott Laboratories*, 127 F.R.D. 529, 530-31 (1989). Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice. *Id*. at 530-32; *United States v. Continental Ill. Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989).

The proposed First Amended Complaint joins two IBM-employee defendants as necessary parties and alleges two additional causes of action. If Plaintiff is not permitted to amend the complaint, he will file a separate action in state court to proceed against IBM and the two employees Accordingly, for the sake of judicial economy and the benefit of the parties, Plaintiff's motion for leave should be granted.

II.  THIS CASE SHOULD BE SUMMARILY REMANDED BECAUSE, ON THE FACE OF THE COMPLAINT, THE FEDERAL COURT LACKS THE NECESSARY SUBJECT MATTER JURISDICTION.

As a general rule, an action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). This employment dispute that involves only state claims is not such an action. In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants.[2]

On the face of the Amended Complaint, complete diversity does not exist between all parties because Plaintiff and Edward Matchak are both domiciled in

---

[2]  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

1 | California.
2 |     Accordingly, for this Court will cease to have jurisdiction when it grants
3 | Plaintiff the leave to amend the complete.
4 |
5 | Dated: June 10, 2015      *[signature: Tom Flores]*
6 |     Tomas M. Flores
    Counsel for Plaintiff Piyush Gupta