TOMAS M. FLORES (SBN 236876)
97 S. SECOND STREET - SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300
*tom@floreslegal.com*

Counsel for Plaintiff
PIYUSH GUPTA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PIYUSH GUPTA,

           Plaintiff,

   v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION (IBM),

           Defendant.

Case No. 14-CV-01358-EJD

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, OR IN
THE ALTERNATIVE, SUMMARY
AJUDICATION**

Date:   July 30, 2015
Time:   9:00 a.m.
Place:  Courtroom 4, 5th Floor

1
2

# TABLE OF CONTENTS

3  TABLE OF AUTHORITIES ............................................................................... iii

4
5  INTRODUCTION ............................................................................................1

6  DISPUTED/INACCURATE FACTS IN
       IBM'S STATEMENT OF FACTS.................................................3

7
8  CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ......................6

9  SUMMARY JUDGMENT STANDARD
       FOR EMPLOYMENT CASES ...................................................8

10
11 NINTH CIRCUIT'S RECENT RULING
       REGARDING THE WEIGHT TO BE GIVEN TO
12     A FEHA PLAINTIFF'S DECLARATION.................................9

13
14 LEGAL ARGUMENT......................................................................................11

15 I.    FIRST CAUSE OF ACTION:
         TRIABLE ISSUES EXIST WHETHER IBM'S REASONS FOR
16       TERMINATING PLAINTIFF WERE PRETEXTUAL .........................11

17
18 II.   SECOND CAUSE OF ACTION:
         TRIABLE ISSUES EXIST FOR IBM'S FAILURE TO
19       ENGAGE IN FEHA'S INTERACTIVE PROCESS IN
         A TIMELY, GOOD FAITH MANNER ...................................................14
20
21 III.  THIRD CAUSE OF ACTION:
22       TRIABLE ISSUES EXIST FOR IBM'S FAILURE
         TO PROVIDE DISABILITY ACCOMMODATION
23       IN VIOLATION OF FEHA .......................................................................15

24
25 IV.   FOURTH CAUSE OF ACTION:
         TRIABLE ISSUES EXIST FOR IBM'S
26       FRAUD IN THE INDUCEMENT............................................................17
27

28

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET - SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

1

**TABLE OF CONTENTS**

2

(continued)

3    V.    FIFTH CAUSE OF ACTION:

4          TRIABLE ISSUES EXIST FOR IBM'S WRONGFUL

          TERMINATION IN VIOLATION OF PUBLIC POLICY ................... 18

5

6    VI.   PLAINTIFF IS ENTITLED TO

          PUNITIVE DAMAGES IN THIS CASE ................................................. 19

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

9911.1

1

2

# TABLE OF AUTHORITIES

3

## <u>State Cases</u>

4

5 *Anderson v, Liberty Lobby, Inc.,*

6      477 U.S. 242 (1986) ..................................................................................8

7 *Angell v. Peterson Tractor, Inc.,*

8      21 Cal. App. 4th 981 (1994)...................................................................18

9 *Arteaga v. Brink's, Inc.,*

10     163 Cal. App. 4th 327 (2d Dist. 2008) ....................................................6

11 *Bagatti v. Dept. of Rehabilitation,*

12     97 Cal. App. 4th 344 (2001).....................................................................16

13 *Bowman v. Payne,*

14     55 Cal. App. 789 (1921) .........................................................................17

15 *Brundage v. Hahn,*

16     57 Cal. App. 4th 228 (1997).......................................................................6

17 *City of Moorpark v. Superior Court,*

18     18 Cal. 4th 1143 (1998)...........................................................................18

19 *Cloud v. Case, , 912 (1999),*

20     76 Cal. App. 4th 895 (1999)....................................................................19

21 *College Hosp., Inc. v. Superior Court,*

22     8 Cal.4th 704 (1994)................................................................................19

23 *Colmenares v. Braemar Country Club, Inc.,*

24     29 Cal. 4th 1019 (2003)..............................................................................6

25 *Commodore Home Sys., Inc. v. Superior Court,*

26     32 Cal. 3d 211 (1982)..............................................................................19

27 *Deschene v. Pinole Point Steel Co.,*

28     76 Cal. App. 4th 33 (1999)..................................................................6, 11

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET - SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

**TABLE OF AUTHORITIES**

(continued)

*Dvorak v. Latimer,*

    91 Cal. App. 664 (1928) ...................................................................17

*Faust v, Portland Cement Co.,*

    150 Cal.App.4th 864 (2007)...........................................................16

*Gantt v. Sentry Insurance,*

    1 Cal. 4th 1083 (1992).....................................................................18

*Green v. State of California,*

    42 Cal. 4th 254 (1983).......................................................................7

*Guz v. Bechtel Nat'l, Inc.,*

    24 Cal. 4th 317 (2000)..............................................................7, 12

*Harris v. Itzhaki,*

    183 F.3d 1043 (9th Cir. 1999) ..........................................................8

*Hunter v. Up-Right, Inc.,*

    6 Cal. 4th 1174 (1993).....................................................................19

*Jadin v. County of Kern,*

    610 F2d 1129 (E.D. Cal. 2009). .....................................................15

*Jensen v. Wells Fargo Bank,*

    85 Cal. 245 (2000, review denied) .................................................14

*Mann v. Cracchiolo,*

    38 Cal.3d 18 (1985) ...........................................................................8

*McDonnell Douglas Corp. v. Green,*

    411 U.S. 792 (1973)....................................................................7, 17

*McGinest v. GTE Serv. Corp,*

    360 F.3d 1103(9th Cir. 2004) ...........................................................8

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

**TABLE OF AUTHORITIES**

(continued)

*Miller v. Fairchild Industries, Inc.,*

885 F.2d 498 (9th Cir. 1989) ................................................................. 19

*Muzquiz v. City of Emeryville,*

79 Cal. App. 4th 1106 (2000) ................................................................. 7

*Nadaf-Rahrov v. Neiman Marcus Grp., Inc.,*

166 Cal. App. 4th 952 (2008) ........................................................ 14, 16

*Nealy v. City of Santa Monica,*

234 Cal. App. 4th 359 (2015) ............................................................... 19

*Passantino v. Johnson & Johnson Consumer Products, Inc.,*

212 F.3d 493 (9th Cir. 2000) ............................................................... 19

*Perez v. Proctor & Gamble Mfg.,*

161 F. Supp. 2d 110 (E.D. Cal. 2011) ................................................. 14

*Raad v. Fairbanks North Star Borough School Dist.,*

323 F.3d 1185 (9th Cir. 2003) ............................................................... 7

*Reeves v. Sanderson Plumbing Products, Inc.,*

530 U.S. 133 (2000) ............................................................................... 7

*Romano v. Rockwell Internat. Inc.,*

14 Cal. 4th 479 (1996) ........................................................................ 18

*Sargent v. Litton Systems, Inc.,*

841 F.Supp. 956 (N.D. Cal. 1994)………………………………….. ........... 6

*Schnidrig v. Columbia Mach., Inc.,*

80 F.3d 1406 (9th Cir. 1996) ................................................................. 8

*Turner v. Anheuser-Busch, Inc.,*

7 Cal. 4th 1238 (1994) ........................................................................ 18

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

# TABLE OF AUTHORITIES

(continued)

*U.S. Airways, Inc. v. Barnett,*

    535 U.S. 391 (2002) ............................................................................................16

## Statutes

Cal. Civ. Code § 1709 ......................................................................................16

Cal. Civ. CodE § 3294 ......................................................................................19

Cal. Gov't Code § 12940(a)(2) ........................................................................18

Cal. Code Reg. § 7293.9 ....................................................................................6

Cal. Gov't Code §§ 12926(n)(2) ......................................................................16

Cal. Gov't Code § 12926(i), (k) .........................................................................6

Cal. Gov't Code § 2926 (k)(1)(B)(iii) ................................................................6

Cal. Gov't Code §12940(n) .........................................................................14, 15

Cal. Gov't Code §12940(m) .............................................................................15

42 U.S.C. § 12102(2)(A) ...................................................................................6

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

**INTRODUCTION**

This is an employment litigation case. IBM hired Plaintiff Piyush Gupta in May 2009 when IBM acquired the startup company that Plaintiff had lead as CEO since 2004. The nature of his job required Plaintiff to sit for extended periods of time using the computer and talking on the phone. This exacerbated or caused him to develop chronic back pain that limited his ability to function. Plaintiff requested that IBM set up an ergonomic workspace, but he never received the requested set-up. Plaintiff also traveled extensively throughout the United States and overseas to conduct IBM-related business. The frequency and length of the trips contributed to his condition.

As early as 2011, Plaintiff began to seek medical treatment, but the back pain continued unabated. Plaintiff continues to experience debilitating back pain. In June 2013, IBM informed Plaintiff that he was going to be laid off. On July 26, 2013, two days before departing on a business trip to India, Plaintiff received via e-mail the paperwork of the proposed severance package that IBM offered.

Before he was terminated, Plaintiff had contemplated going on short-term disability leave and discussed it with a representative of IBM's Human Resources Department. The HR representative informed Plaintiff that he would be laid off even if he went on short-term disability. Based on this information, Plaintiff did not seek short-term disability benefits.

On February 24, 2014, Plaintiff filed a civil complaint against Defendant IBM. Plaintiff's Complaint sets forth five causes of action: (1) Disability Discrimination in Violation of the California Fair Employment and Housing Act (FEHA); (2) Disability Discrimination in Failure to Engage in Timely, Good Faith Interactive Process; (3) Failure to Provide Disability Accommodation; (4) Fraud in the Inducement; and (5) Wrongful Termination in Violation of Public Policy.

1
2
3
4

Plaintiff's primary contention is that IBM told him that the company could lay him off immediately even if he were on short-term disability, which is not true. IBM misrepresented the nature and scope of the short-term disability benefits to induce Plaintiff not to pursue short-term disability leave.

5
6
7

Plaintiff relied on IBM's misrepresentation to his detriment and did not apply for short-term disability because he was led to believe that he would lose his short-term disability benefits when IBM terminated his employment.

8
9
10
11
12

Plaintiff further contends that IBM violated his statutory rights when IBM refused to extend severance benefits because Plaintiff declined to sign separation documents that contain non-compete provisions that violate California Business and Professions Code section 16600. IBM violated Plaintiff's statutory rights when IBM terminated Plaintiff because of his disability.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

PLAINTIFF'S OPPOSITION TO IBM'S
MOTION FOR SUMMARY JUDGMENT/
ADJUDICATION

-2-

14-CV-01358-EJD

**DISPUTED/INACCURATE FACTS IN**

**IBM'S STATEMENT OF FACTS**

Rather than repeat the same information in his own separate STATEMENT OF FACTS, Plaintiff will simply point to ostensibly "undisputed facts" in IBM's brief that Plaintiff disputes to faciliate the Court's review.

| Page/line(s) of IBM's Motion | Purported Undisputed Facts in IBM's Statement of Facts |
|---|---|
| Page 3: 8-10 | Plaintiff sent an email on March 28, 2013 to his immediate manager, Inhi Suh, where he comments: "Given my desire to move on…" and "Given I'm on my way out . . ." <br><br> Plaintiff meant "on way out" of his existing role and moving on to the new role at IBM that Ms. Suh offered to him earlier that month, which Plaintiff accepted. [Piyush Gupta Declararation, dated June 22, 2015 (**"*Gupta Dec.*"**) ¶ 15] <br><br> When Ms. Suh informed Plaintiff she was going to lay him off, he told her at that time that he was happy with his new role and doing well based on feedback from the India team and did not want to leave. [Gupta Dec. ¶ 25] |
| 3: 17 - 25 | IBM takes out of context Plaintiff's spontaneous suggestion to Ms. Suh that she should lay him off first rather than further weaken his former team, which she would do if she laid off more than a few product managers. <br><br> In her declaration, Ms. Suh mentions a conversation she had with Plaintiff in late spring 2013 when she asked for Plaintiff's opinion on certain individuals who had previously reported to him in his VP, Product Management role. Plaintiff cared deeply about the members in his team. When Ms. Suh asked him for |

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

| | |
|---|---|
| | more names from his former team than he thought should be considered for lay off, he suggested that she lay off engineers rather than product managers because, otherwise, she would "be cutting into muscle, not fat." If she could not persuade upper management to do as he suggested, then, at that moment, acting out of impulse, Plaintiff suggested that she lay him off first before she laid off more members of his former team.<br><br>As expected, Ms. Suh summarily rejected his offer and said, "Nice try, that's not going to happen." Obviously, Plaintiff did not intend to be laid off; certainly Ms. Suh understood that he made the comment solely to drive home the point how protective he was of his former team and how harmful it would be to IBM if she laid off any more product managers.<br>[Gupta Dec. ¶ 3] |
| 4: 17-24 | IBM did not need to "bridge" Plaintiff's employment through August 31, 2015 to "allow" him to retire will full benefits.<br><br>Under IBM's retirement policies, he was already eligible for full retirement benefits in June 2013.<br>[Gupta Dec. ¶ 25] |
| 4: 23 - 24 | Plaintiff told co-workers he had retired to save face and also not to upset them because he knew that would affect the morale of his former and current team.<br>[Gupta Dec. ¶ 29] |
| 5: 8 | IBM did eventually grant Plaintiff's request for ergonomic furniture, but took months to do so and when it did grant the request IBM then quickly rescinded it.<br>[Gupta Dec. ¶¶ 19-23] |
| 5: 23 - 25 | As Plaintiff's corroborating evidence shows, he began to contemplate short-term disability before his manager told him that she had decided to lay him off and several weeks before IBM approved and issued his official "departure date."<br>[Gupta Dec. ¶¶ 24, 43] |

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET - SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

| 7: 12 - 18 | HR Representative, Edward Matchak, unequivocally told Plaintiff that he would be laid off even if he went on disability.<br><br>[Gupta Dec. ¶¶ 36, 40, 44, 48-54]<br><br>Under IBM's policies, IBM will not give a departure date to an employee who is on disability, which means employees will not be laid off while on disability.<br><br>Plaintiff's short-term disability request was approved for the time between July 10, 2013 and August 18, 2013. [Gupta Dec. ¶ 42]<br><br>Plaintiff's departure date was approved on July 11, 2013. [Gupta Dec. ¶ 45] |
| --- | --- |
| 6: 12 - 18 | HR Representative Edward Matchak told Plaintiff _**unequivocally**_ that IBM could lay him off even if he were on disability. Based on his conversation with Mr. Matchak, Plaintiff decided to complete one last business trip to India to help resolve a critical customer dispute and not remain on disability.<br>[Gupta Dec. ¶¶36, 40, 42, 44, 48-54]<br><br>Plaintiff's efforts resulted in the resolution of the dispute, which earned the company millions in revenue.<br>[Gupta Dec. ¶ 32] |
| 7: 20 - 27 | Plaintiff would not even consider IBM's severance offer because it contained references to an illegal covenant-not-to-compete. Plaintiff pointed this out to Inhi Suh. IBM's inside counsel stepped in and made clear that IBM refused to take out the provision and said that the severance package, as presented, was non-negotiable.<br><br>[Gupta Dec. ¶ 60] |

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

## CALIFORNIA FAIR EMPLOYMENT
## AND HOUSING ACT

California's Fair Employment and Housing Act (**_"FEHA"_**) makes it unlawful for an employer to discharge an employee because of the employee's disability, unless the person cannot perform his or her essential duties even with reasonable accommodations. Cal. Govt. Code § 12940 (a)(2). Employers must make reasonable accommodations unless doing so would create an "undue hardship." Cal. Code Reg. § 7293.9; _Sargent v. Litton Systems, Inc._, 841 F.Supp. 956, 960 (N.D. Cal. 1994).

To establish a prima facie case of discrimination on grounds of disability under the FEHA, a plaintiff must show the following: (1) the plaintiff is a person with a disability or medical condition; (2) the plaintiff is qualified to perform the essential functions of the job; (3) the defendant made an adverse employment decision, (4) because of plaintiff's disability or medical condition. _Deschene v. Pinole Point Steel Co._, 76 Cal.App.4th 33, 44 (1999); _Brundage v. Hahn_, 57 Cal.App.4th 228, 236 (1997).

FEHA defines a disability as a condition that "limits a major life activity." Gov. C. §§ 12926(i),(k). This is more broad than the federal ADA, which defines disability as a condition that "substantially limits" such activities, see 42 U.S.C. § 12102(2)(A). _Colmenares v. Braemar Country Club, Inc._, 29 Cal. 4th 1019, 1022 (2003). "Major life activity" is construed broadly and includes physical, mental, and social activities, and working. _Arteaga v. Brink's, Inc._, 163 Cal. App. 4th 327, 344-345 (2d Dist. 2008), citing Cal. Gov. C. § 2926 (k)(1)(B)(iii).)

In order to have a disability under § 12926 (k)(1), the employee's symptoms must make the performance of his job duties difficult as compared to his unimpaired state or to a normal or average baseline. _Arteaga_, 163 Cal. App. 4th at 347, citing _EEOC v. UPS_, 424 F.3d 1060, 1071-1072 (9th Cir. 2005).

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

1   If the plaintiff is successful, the burden of production shifts to the employer

2   to respond with a "legitimate, nondiscriminatory reason" for the termination. If

3   the employer is successful, the burden then shifts back to the plaintiff to establish

4   that the employer's articulated reason was a "pretext" or cover-up for unlawful

5   discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Guz*

6   *v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 354 (2000).

7   Plaintiff may satisfy this burden by proving that the legitimate reasons

8   offered by defendant were false (factually untrue), creating an inference that

9   those reasons were merely a pretext for discrimination. *Reeves v. Sanderson*

10  *Plumbing Products, Inc.*, 530 U.S. 133, 142. A plaintiff can prove pretext either

11  indirectly, by showing that the employer's proffered explanation is 'unworthy of

12  credence' (e.g., because it is internally inconsistent or otherwise unbelievable), or

13  directly, by showing that unlawful discrimination more likely motivated the

14  employer. *Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1194

15  (9th Cir.2003).

16  "The showing required [for a claim of disability discrimination] is identical

17  to that required for a cause of action for failure to reasonably accommodate."

18  *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 378 (2015).

19  The so-called McDonnell Douglas test reflects the principle that direct

20  evidence of intentional discrimination is rare, and that such claims must usually

21  be proved circumstantially. *Muzquiz v. City of Emeryville*, 79 Cal.App.4th 1106,

22  1116 (2000).

23  Plaintiff has the initial burden of establishing that he was a "qualified

24  individual with a disability," meaning that "with or without reasonable

25  accommodation, he could perform the essential functions of the employment

26  position" at issue. *Green v. State of California*, 42 Cal. 4th 254, 262 (2007).

27

28

# SUMMARY JUDGMENT STANDARD
# FOR EMPLOYMENT CASES

The Ninth Circut has set "a high standard for the granting of summary judgment in employment discrimination cases." *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996) ("[W]e require very little evidence to survive summary judgment in a discrimination case. . . ."). This is because "the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record." *Id.*

"In evaluating motions for summary judgment in the context of employment discrimination, we have emphasized the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004).

A plaintiff may defeat a summary judgment motion by establishing that there is evidence upon which a jury could reasonably find in its favor. *Anderson v, Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is a drastic remedy that should be granted cautiously. *Id.* at 255.

Significantly, issues of credibility, intent, and "just cause" (in the context of a termination) are all ultimate facts that a jury must determine and therefore cannot be resolved on summary judgment, even though the historical facts may be undisputed. *Harris v. Itzhaki*, 183 F.3d 1043 (9th Cir. 1999).

Summary judgment is properly granted only if the evidence in support of the defendant establishes that there is no issue of fact to be tried. *Mann v. Cracchiolo*, 38 Cal.3d 18, 35-36 (1985).

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET - SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# NINTH CIRCUIT'S RECENT RULING
# REGARDING THE WEIGHT TO BE GIVEN TO
# A FEHA PLAINTIFF'S DECLARATION

On April 10, 2015, the Ninth Circuit published *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495 (9th Cir. 2015). This decision has a direct bearing on the Court's analysis as it considers the evidence in determining whether to grant IBM's motion for summary judgment.

In a diversity action alleging disability discrimination under FEHA, the Ninth Circut reversed the grant of summary judgment in favor of Sears where the employee presented triable claims under FEHA that Sears: 1) discriminated against the employee because of his disability; 2) declined to accommodate the employee's disability; and 3) did not engage in an interactive process to determine possible accommodation for the employee's disability. *Id.*

As in this case, the employee in *Sears* alleged that the company discriminated against him because of his disability, declined to accommodate his disability and didn't "engage in an interactive process" to determine a possible accommodation for his disability (ulcerative colitis). Also like this case, the *Sears* employee asserted a claim for wrongful termination. *Id.*

The district court granted Sears' motion for summary judgment, saying the employee's evidence of discrimination—which includes his recollections of conversations with former co-workers—was "self-serving testimony."

The Ninth Circuit ruled that even if the employee's testimony was indeed self-serving, it's up to a jury to determine how much weight to give it. The appeals court said that although Sears offered "substantial evidence showing that it had a nondiscriminatory reason for terminating Nigro's employment," the employee's testimony is enough to get the case before a jury. *Id.* at 499.

The Ninth Circuit specifically held that "[i]t should not take a whole lot of evidence to establish a genuine issue of material fact in a disability discrimination

1   case." *Id* .

2         "It is, moreover, entirely beside the point that some of Nigro's evidence

3   was self-serving, as it will often be the case in a discrimination case that an

4   employee has something to say about what company representatives said to him

5   or her," the ruling continued. "Such testimony is admissible, though absent

6   corroboration, it may have limited weight. But again, the weight is to be assessed

7   by the trier of fact at trial, not to be a basis to disregard the evidence at the

8   summary judgment stage." *Id.*

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET - SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEGAL ARGUMENT**

I.     FIRST CAUSE OF ACTION:   TRIABLE ISSUES EXIST WHETHER IBM'S
       REASONS FOR TERMINATING PLAINTIFF WERE PRETEXTUAL.

IBM contends that Plaintiff's first cause of fails because he cannot establish a *prima facie* case of disability discriminaiton. To establish a *prima facie* case of disability discrimination, Plaintiff must show:  (1) he was disabled; (2) he was otherwise qualified to perform his job with or without; and (3) he experienced adverse employment action because of his disability. *Deschene v. Pinole Point Steel Co.*, 76 Cal.App.4th 33, 44 (1999). IBM does not challenge the first two prongs of this test. IBM argues only that IBM had two primary non-discriminatory reasons for terminating Plaintiff's employment: he wanted to leave, and he was part of a garden-variety corporate downsizing. The reasons that IBM proffers are pretextual.

A plaintiff may demonstrate pretext in either of two ways: (1) directly, by showing that unlawful discrimination more likely than not motivated the employer; or (2) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable. *Chuang v. University of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1127 (9th Cir. 2000). "When evidence of pretext is circumstantial, rather than direct," as in this case, "the plaintiff must produce 'specific' and 'substantial' facts to create a triable issue of pretext." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1113 (9th Cir. 2011).

In this case, IBM first argues that Plaintiff's immediate supervisor, Inhi Suh, chose to lay him off becasue Plaintiff himself wanted her to pick him so that he could "move on." Gupta Dec. ¶ 3. The context in which Plaintiff made a spontaneous remark that Ms. Suh should terminate him belies this fabricated reason that IBM now tries to pass off as a legitimate business reason for

terminating his employment.

As Plaintiff explains, he made the comment in the course of a conversation with Ms. Suh that if she was going to terminate more than a minimum number of members of his former team than was prudent she may as well terminate him first. She was not accepting it, and stated simply: "Nice try, that's not going to happen." He did not wish to be terminated, she knew it, and that was the end of that. Gupta Dec. ¶ 3.

Second, IBM argues that Plaintiff was "laid off as part of a broad reduction in force consistent with IBM's ongoing efforts to streamline operations, reduce costs, and improve productivity." IBM Motion p. 10: 20-22. Without more, that fact alone is not enough to defeat Plaintiff's discrimination claims, at least not at the summary judgment stage.

The California Supreme Court has held that "[d]ownsizing alone is not necessarily a sufficient explanation, under the FEHA, for the consequent dismissal of an age-protected worker. An employer's freedom to consolidate or reduce its work force, and to eliminate positions in the process, does not mean it may 'use the occasion as a convenient opportunity to get rid of its [older] workers.' Invocation of a right to downsize does not resolve whether the employer had a discriminatory motive for cutting back its work force, or engaged in intentional discrimination when deciding which individual workers to retain and release. Where these are issues, the employer's explanation must address them." *Guz v. Bechtel National, Inc.*, 24 Cal.4th at 358 *quoting Matthews v. Commonwealth Edison Co.*, 128 F.3d 1194, 1195 (7th Cir. 1997); *see also Bellaver v. Quanex Corp.*, 200 F. 3d 485, 494 (7th Cir. 2000) ("Employers will not be allowed cynically to avoid liability by terminating a decision to fire an employee with a unique job description as a 'RIF' when the decision in fact was nothing more than a decision to fire that particular employee".).

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

1   Third, the proximity of time between the date when Plaintiff's requests for

2   accomodation became more insistent and the date that IBM decided to let him go

3   is itself evidence of pretext. *Dawson v. Entek International,* (9th Cir. 2011) 630 F. 3d

4   928, 937 ("In some cases, temporal proximity can by itself constitute sufficient

5   circumstantial evidence of retaliation for purposes of both the prima facie case

6   and the showing of pretext.").

7   On March 14, 2013, Plaintiff submitted his request for special ergonomic

8   furniture through IBM's internal system. By early April 2013, the request,

9   presumably, was being processed. On May 29, 2013, the ergonomic expert at IBM

10   finally completed his evaluation and recommended that Mr. Gupta receive

11   ergonomic furniture. Gupta Dec. ¶¶ 21, 22. On June 3, 2013, Mary Temo entered

12   Mr. Gupta's request into the system. Gupta Dec - Exhibit J. Twelve business later,

13   June 19, 2013, IBM told him that he was going to be laid off. Suh Dec. ¶ 14.

14   It is difficult to fathom a better textbook example of temporal proximity

15   than what happened to Plaintiff at IBM, a company so large that it can take six

16   months to order a desk. Gupta Dec. - Exhibit J. What is evident by this simple

17   timeline is that IBM is far more efficient, decisive and quick to act at ridding itself

18   of disabled workers than it is at processing their simple requests for

19   accommodation.

20   To add insult to injury, after informing Plaintiff of his layoff, IBM approved

21   his request for ergonomic furniture to cover its tracks and to ensure the layoff did

22   not appear discriminatory because his accommodation request had been

23   approved. Of course, shorty thereafter IBM rescinded this accommodation.

24   The jury should decide whether IBM really did terminate Plaintiff's

25   employment for business-related, non-discriminatory reasons. For now, Plaintiff

26   has shown that there are sufficient disputed issues of material fact to overcome

27   summary judgment.

28

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

II.     SECOND CAUSE OF ACTION: TRIABLE ISSUES EXIST FOR IBM'S FAILURE TO ENGAGE IN FEHA'S INTERACTIVE PROCESS IN A TIMELY, GOOD FAITH MANNER.

Under FEHA, an employer must "engage in a timely, good faith, interactive process" with employees to assess an effective and reasonable accommodations for their disability. Cal. Gov. Code §12940(n). "When a claim is brought for failure to reasonably accommodate the claimant's disability, the trial court's ultimate obligation is to isolate the cause of the breakdown and then assign responsibility so that liability for failure to provide reasonable accommodations ensues only where the employer bears responsibility for the breakdown." *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 985 (2008).

For an employer to prevail on summary judgment on a cause of action for failure to accommodate, the employer must prove through undisputed facts that reasonable accommodation was offered to the employee and the employee refused, there were no available positions to which the plaintiff-employee could be transferred or the employer did everything it could to pursue reasonable accommodations but communications broke down because the employee failed to participate in the interactive process in good faith. *Perez v. Proctor & Gamble Mfg.*, 161 F. Supp. 2nd 110 (E.D. Cal. 2011) ; *Jensen v. Wells Fargo Bank,* 85 Cal. 245, 263 (2000).

IBM accuses Plaintiff of "quibbling" over the 3½ months it took just to get his request for ergonomic furniture reviewed and approved. His manager, Inhi Suh, had to be asked on at least four separate occassions to act on the request. When she finally approved it, the request for the furniture was canceled because it was too late. Plaintiff had already been slated for termination. Gupta Dec. ¶¶ 21-27.

IBM's over 3-month delay just to have his request reviewed and approved was no minor inconvenience.

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

Plaintiff did an astounding amount of business travel for IBM without complaining. Besides having to take numerous domestic trips (Boston, San Diego, Denver, Portland, Atlanta, New York, Las Vegas, Seattle, etc.), he had to fly to Thailand, Japan, Nepal, Hong Kong, China, France, Nigeria, South Africa and several times to India. Gupta Dec. ¶ 14.

Plaintiff's rigorous and exhausting travel schedule took its toll on his back. He desperately needed whatever assistance he could get so that he could continue to do his job without further hurting himself in the process. Gupta Dec. ¶¶ 14, 17-19.

A jury should decide whether Plaintiff is indeed just "quibbling" over IBM's derelection of its duty to accomodate his request for ergonomic furniture. More likely, the jury will find that IBM grossly, if not intentionally, failed to "engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations" for his disability, which to this day prevents him from seeking and holding regular employment. Cal. Gov. Code §12940(n).

III.   THIRD CAUSE OF ACTION: TRIABLE ISSUES EXIST FOR IBM'S FAILURE TO PROVIDE DISABILITY ACCOMMODATION IN VIOLATION OF FEHA.

To establish a claim for violation of duty to provide accommodation under FEHA, the employee must show: (1) he made the employer aware of his disability, (2) he could perform the job with or without accommodation; and, (3) the employer failed to accommodate. *Jadin v. County of Kern,* 610 F2d 1129 (E.D.CA 2009).

Under FEHA, an employer must "make reasonable accommodation for the known physical or mental disability of an applicant or employee." Cal. Gov. C. §12940(m). An employer is not required to make an accommodation that would "produce undue hardship" to the employer. *Id.* Under FEHA, a "reasonable

accommodation" is "a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired." *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.,* 166 Cal. App. 4th 952, 974 (2008).

Employers are required to offer reasonable accommodations and must be willing to change, adjust or modify policies. Cal. Gov. C. §12926(n)(2). The duty to interact arises when an employer learns of the disability or condition *Faust v. Portland Cement Co.,* 150 Cal.App.4th 864, 867 (2007).

The reasonableness of an accommodation is an issue for the jury. *Bagatti v. Dept. of Rehabilitation,* 97 Cal.App.4th 344, 369 (2002).

Second, because a plaintiff merely carries a burden of production on the question of "reasonableness," a minimal showing should defeat summary judgment on this ground. *U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 401-402 (2002).

As explained above, IBM makes much of having granted his request to travel business class and granted his request for ergonomic furniture. He was allowed to travel business class only for flights over six hours long. And while IBM purports (eventually) to have granted his request for ergonomic furniture, Plaintiff never received it because IBM rescinded the request approval before the order could be placed. Gupta Dec. ¶ 20, 23.

Here again, it is for a jury to decide whether IBM met its obligation to accomodate Plaintiff's disability when IBM granted his request for ergonomic furniture on paper only (after making him wait over three months), but then never actually delivered the furniture.

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

IV.   FOURTH CAUSE OF ACTION: TRIABLE ISSUES EXIST FOR IBM'S FRAUD IN THE INDUCEMENT.

Under California law, "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damages which he thereby suffers." Cal. Civ. Code § 1709.

It is well-established California law that misrepresentations of law are actionable where the speaker may reasonably be assured by the hearer as having superior knowledge. *Bowman v. Payne*, 55 Cal.App. 789, 796 (1921), and where the opinion is stated as fact, *Dvorak v. Latimer*, 91 Cal.App. 664, 672 (1928).

The elements for fraud are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity; (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631,635 (1996). Intent may be established by inference from the acts of the parties because direct proof of intent for fraud is often impossible. *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal. App. 3d 388, 402 (1989).

Plaintiff's response to IBM's Separate Statement of Undisputed Facts set out that:

1.   Sometime in June or July 2013, IBM HR representative, Edward Matchak, told Plaintiff that IBM could lay him off immediately even if he were on short-term disability. Gupta Dec. ¶¶ 36-54

2.   Mr. Matchak misrepresented the nature and scope of the short-term disability benefits to induce Plaintiff not to pursue short-term disability leave. Gupta Dec. ¶¶ 54-57

3.   Plaintiff relied on IBM's misrepresentation to his detriment and did not apply for short-term disability because he was led to believe that he would lose his short-term disability benefits when IBM terminated his employment.

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

Gupta Dec. ¶¶ 54-57

4.      As a direct, foreseeable and proximate result of IBM's wrongful acts, Plaintiff has suffered substantial damages.

Plaintiff's testimony and corroborating evidence cited above is sufficient to raise issues of disputed material facts that only a jury may decide.

V.      FIFTH CAUSE OF ACTION: TRIABLE ISSUES EXIST FOR IBM'S WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.

"[W]hile an at-will employee may be terminated for no reason, or for an arbitrary or irrational reason, there can be no right to terminate for an unlawful reason or a purpose that contravenes fundamental public policy." *Gantt v. Sentry Insurance*, 1 Cal. 4th 1083, 1094 (1992).  Courts have held that this public policy exception to the at-will employment rule must be based on policies "carefully tethered to fundamental policies that are delineated in constitutional or statutory provisions . . ." *Id.* at 1095.

FEHA prohibits discrimination on the basis of "physical disability, mental disability, and medical condition . . ." Gov't Code § 12940(a). Termination based upon any such disability constitutes a wrongful termination in violation of public policy. *Angell v. Peterson Tractor, Inc.*, 21 Cal.App.4th 981, 987 (1994), disapproved on other grounds in *City of Moorpark v. Superior Court*, 18 Cal.4th 1143 (1998).

To establish that a plaintiff was wrongfully discharged in violation of public policy, the plaintiff must be able to "demonstrate the required nexus between his reporting of alleged statutory violations and his allegedly adverse treatment." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1258 (1994), overruled on other grounds in *Romano v. Rockwell Internat., Inc.*, 14 Cal. 4th 479, 498 (1996).

If the jury finds that IBM violated Plaintiff's rights under FEHA, then Plaintiff may also proceed with this tort claim against IBM.

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

VI.    PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES IN THIS CASE.

An employee may recover tort damages "where he can establish all of the elements of fraud" and the misrepresentation was "not aimed at effecting termination of employment." *Hunter v. Up-Right, Inc.,* 6 Cal.4th 1174 (1993); *Miller v. Fairchild Industries, Inc.,* 885 F.2d 498, 509-510 (9th Cir. 1989).

Punitive damages are warranted when a defendant consciously disregards the rights of the employee or commits fraud. Conscious disregard is demonstrated by a defendant's knowing fabrication of evidence to justify a termination. *Cloud v. Case,* 76 Cal. App. 4th 895, 912 (1999).

"Malice" for punitive damages purposes means "conduct which is intended by the defendant to cause injury to the plaintiff OR despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. C. § 3294(c)(1); see *College Hosp., Inc. v. Superior Court*, 8 Cal.4th 704, 725 (1994).

Additionally, "oppression" for purposes of a punitive damages award means "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. C. §3294(c)(1) . The scope of a managing agent's authority is a question of fact in each case. *White v. Ultramar, Inc.,* 21 Cal. 4th 563, 566-67 (1999).

California Civil Code § 3294, subdivision (a), authorizes punitive damages where oppression, fraud, or malice is shown by clear and convincing evidence. The California Supreme Court has expressly held that punitive damages may be awarded in the FEHA cases. *Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 215 (1982).

"[I]in general, intentional discrimination is enough to establish punitive damages liability.*" Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 515 (9th Cir.* 2000). The exception to this rule is "when the employer is

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET – SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

1  aware of the specific discriminatory conduct at issue, but nonetheless reasonably

2  believes that conduct is lawful." Id.

3      As set forth above, a jury may very well find that the misrepresentations

4  made to Plaintiff regarding his rights under IBM's short-term disability benefits

5  were intentional and made with malice.

6      The jury will also consider this evidence in light of IBM's refusal to grant

7  him severance benefits unless he agreed to abide by an illegal covenant not to

8  compete.

9

10  Dated: June 22, 2015

11                                      Tomas M. Flores
                                        Counsel for Plaintiff Piyush Gupta

LAW OFFICE OF TOMAS M. FLORES
97 S. SECOND STREET - SUITE 100
SAN JOSE, CALIFORNIA 95113
TEL: (760) 410-8356
FAX: (760) 854-4300

PLAINTIFF'S OPPOSITION TO IBM'S
MOTION FOR SUMMARY JUDGMENT/
ADJUDICATION

14-CV-01358-EJD