UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PIYUSH GUPTA,

          Plaintiff,

    v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION (IBM),

          Defendant.

Case No. 5:14-cv-01358-EJD

**ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
COMPLAINT AND TO REMAND
ACTION TO STATE COURT**

Re: Dkt. No. 40

Presently before the court in this employment action is a motion for leave to file an amended complaint and a motion to remand the action to state court, filed by Plaintiff Piyush Gupta ("Plaintiff"). See Dkt. No. 40 ("Mot."). Defendant International Business Machines Corporation ("IBM") has filed a written opposition to the motion. See Dkt. No. 46. Plaintiff subsequently filed a reply. See Dkt. No. 47.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b). Accordingly, the hearing scheduled for July 30, 2015 pertaining to these motions is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1.      Plaintiff's motion for leave to amend the complaint arises under Federal Rule of Civil Procedure 15(a). Leave to amend under Federal Rule of Civil Procedure 15 is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the

1

United States District Court
Northern District of California

1    opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates

2    undue delay.  Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d

3    561, 566 (9th Cir. 1994).  Here, Plaintiff seeks to file an amended complaint that adds two IBM-

4    employee defendants as necessary parties and alleges two additional causes of action.  Mot. at 4.

5         2.      However, as a threshold matter, a motion for leave to amend the complaint must be

6    timely.  "When a party seeks to amend a pleading after the pretrial scheduling order's deadline for

7    amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of

8    Federal Rule of Civil Procedure 16(b)(4), which provides that 'a schedule may be modified only

9    for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of

10   Civil Procedure 15(a)."  In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737

11   (9th Cir. 2013).  The "good cause" standard pursuant to Rule 16(b)(4) "primarily considers the

12   diligence of the party seeking the amendment," and the focus of the inquiry "is upon the moving

13   party's reasons for seeking modification . . . if that party was not diligent, the inquiry should end."

14   Id.  Good cause may be found to exist where the moving party shows, for example, that it: (1)

15   diligently assisted the court in recommending and creating a workable scheduling order (see In re

16   San Juan Dupont Plaza Hotel fire Litig., 111 F.3d 220, 228 (1st Cir. 1997)), (2) is unable to

17   comply with the deadlines contained in the scheduling order due to issues not reasonably

18   foreseeable at the time of the scheduling order (see Johnson v. Mammoth Recreations, Inc., 975

19   F.2d 604, 609 (9th Cir. 1992)), and (3) was diligent in seeking an amendment once the party

20   reasonably knew that it could not comply with the scheduling order (see Eckert Cold Storage, Inc.

21   v. Behl, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996); see also Jackson v. Laureate, Inc., 186 F.R.D.

22   605, 608 (E.D. Cal. 1999)).

23        3.      Here, the court's scheduling order issued on August 5, 2014 provides: "[T]he

24   deadline for joinder of any additional parties, or other amendments to the pleadings, is sixty days

25   after entry of this order."  Dkt. No. 18 at 1.  Thus, the deadline to amend the complaint was

26   October 5, 2014.  While the court subsequently issued orders modifying case management

27

28   Case No.: 5:14-cv-01358-EJD
     ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND
     TO REMAND ACTION TO STATE COURT

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   deadlines, no subsequent order modified the deadline for amending the pleadings.  See Dkt. Nos.

2   21, 28.

3          4.      In order to proceed with the instant motion, Plaintiff must first show good cause for

4   modifying the court's deadline to amend the complaint.  He attempts to do so by recounting the

5   following procedural facts.  Plaintiff contends that when IBM took his deposition on December 9,

6   2014, he revealed information about his employment at IBM that he later learned could result in

7   an action against two IBM employees.  See Decl. of Piyush Gupta, Dkt. No. 40-1, at ¶ 2.  On

8   January 2, 2015, Plaintiff informed IBM of his intent to file an amended complaint, but decided

9   not to file before the mediation so as not to derail settlement negotiations.  See Decl. of Tomas M.

10  Flores, Dkt. No. 40-2, at ¶ 2.  Mediation took place on May 27, 2015.  See id. at ¶ 3.  While no

11  settlement agreement was reached, the parties agreed not to take any action until after June 1, 2015

12  to provide IBM with an opportunity to consider Plaintiff's settlement offer.  See id.  Plaintiff

13  contends that IBM ultimately did not respond to his settlement offer; thus on June 2, 2015,

14  Plaintiff informed IBM of his intent to file the amended complaint and IBM filed a motion for

15  summary judgment.  See id. at ¶ 4; see also Dkt. No. 31.  On June 10, 2015, Plaintiff filed a

16  motion to shorten time to hear Plaintiff's motion for leave to file an amended complaint, after

17  which the court denied Plaintiff's motion to shorten time and instructed Plaintiff to file a motion to

18  amend as a separate docket entry.  See Dkt. Nos. 37, 39.  After a motion to shorten time was

19  denied, Plaintiff then filed the instant motion on June 16, 2015.  See Dkt. Nos. 39, 40.

20         5.      Although Plaintiff believes the above-recitation demonstrates diligence in seeking

21  to amend the complaint, the court does not agree.  Addressing first the apparent revelation during

22  Plaintiff's deposition, what is left unexplained is why Plaintiff waited until that time to understand

23  that he may have claims against two additional defendants.  Given his ability to testify about them

24  under oath, Plaintiff was undeniably aware of the identities of the IBM employees from the

25  inception of this case, and was in complete control of all information needed to bring claims

26  against them since that time.  "Late amendments to assert new theories are not reviewed favorably

27

28  Case No.: 5:14-cv-01358-EJD
    ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND
    TO REMAND ACTION TO STATE COURT

3

1    when the facts and the theory have been known to the party seeking amendment since the

2    inception of the cause of action." <u>Royal Ins. Co. of Am. v. Sw. Marine</u>, 194 F.3d 1009, 1016-17

3    (9th Cir. 1999).  In addition, while "[c]ourts routinely allow parties to amend their pleadings after

4    new information comes to light during discovery," this only applies if the information is, actually,

5    new.  <u>M.H. v. County of Alameda</u>, No. 11-2868 CW, 2012 U.S. Dist. LEXIS 168412, at *9, 2012

6    WL 5835732 (N.D. Cal. Nov. 16, 2012).  Plaintiff has not shown that whatever came out during

7    his deposition constitutes new evidence.

8         6.    Second, Plaintiff was not diligent in seeking amendment in any event.  Plaintiff

9    must now live with the strategic decision he made to file the motion to amend after mediation.

10   While the court understands he did this to prevent the motion from discouraging settlement, that

11   intent does not constitute due diligence at this advanced stage of litigation.  Discovery and the

12   designation of experts have been completed, and IBM's motion for summary judgment is pending.

13   Moreover, in April 2015, this court issued a pretrial order providing dates for a jury trial scheduled

14   in January 2016.  <u>See</u> Dkt. No. 29.  Allowing Plaintiff the ability to amend now would circumvent

15   all of these prior efforts to progress the case.  Indeed, since the addition of one of the IBM

16   employees would destroy diversity, Plaintiff's companion motion to remand would necessarily be

17   granted, forcing the parties to commence the action from the beginning.

18        7.    Plaintiff also argues that permitting amendment and thereafter remanding the case

19   to state court serves the interest of judicial efficiency since all of his claims can then be asserted in

20   one case rather than two.  That may be true.  It is not, however, a valid basis to find diligence

21   under Rule 16.

22        8.    In sum, Plaintiff has failed to show good cause for modifying the deadline of

23   October 5, 2014 to amend the pleadings.  As the Ninth Circuit has stated, "[a] scheduling order is

24   not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel

25   without peril." <u>Johnson</u>, 975 F.2d at 610.  Since the deadline to amend the complaint has long

26   passed, Plaintiff's motion for leave to file an amended complaint is untimely.  Accordingly, the

27

28   Case No.: <u>5:14-cv-01358-EJD</u>
     ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND
     TO REMAND ACTION TO STATE COURT

United States District Court
Northern District of California

motion is DENIED.  With that result, the motion to remand is DENIED AS MOOT.

9.      The hearing scheduled for July 30, 2015 pertaining to the instant motions is VACATED.  The hearing scheduled on the same date pertaining to IBM's motion for summary judgment remains on calendar.


**IT IS SO ORDERED.**

Dated: July 22, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-01358-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND
TO REMAND ACTION TO STATE COURT