Mitchell F. Boomer (State Bar No. 121441)
Alka Ramchandani (State Bar No. 262172)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: boomerm@jacksonlewis.com
E-mail: alka.ramchandani@jacksonlewis.com

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PIYUSH GUPTA,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION (IBM),<br><br>Defendant. | Case No. 5:14-cv-01358-EJD<br>(Related to Case No. 5:15-cv-05216-EJD)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 3 (DISABILITY BENEFITS)**<br><br>Trial Date:  January 5, 2016<br>Time:  9 a.m.<br>Judge:  Hon. Edward J. Davila<br>Courtroom:  4, 5th Floor, San Jose |

## I.  INTRODUCTION

Motions for reconsideration are generally unwelcome. "[R]eargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F. 3d 1220, 1231 (3rd Cir. 1995); *Dixon v. Shinseki,*  741 F. 3d 1367, 1378 (Fed. Cir. 2014).  Here, Plaintiff transparently attempts to repackage issues that have already been presented to and decided by the Court.

1  The Court should deny Plaintiff Piyush Gupta's "Motion for Leave to File Motion for Reconsideration of Order Denying Plaintiff's Motion *In Limine* No. 3 (Disability Benefits)" because it fails to establish a compelling basis for reconsideration. It also fails to establish valid grounds for permitting recovery of short-term or long-term disability benefits under either his Second or Third Causes of Action. Lastly, and importantly, Plaintiff completely misstates the basis for Defendant IBM's Motion *In Limine No. 3*.

Specifically, IBM never asserted that Plaintiff did not seek to recover short-term disability benefits in this case. Plaintiff's Fourth Cause of Action for fraud made clear his contention that an IBM HR representative "fraudulently induced" him to withdraw his request for short-term disability leave. By contrast, IBM asserted in Motion *In Limine* No. 3 that Plaintiff did not disclose in his responses to interrogatories that he claimed IBM failed to offer short-term disability or medical leave *under either his Second or Third Causes of Action* (alleging IBM failed to engage in a timely interactive process about accommodation and failed to reasonably accommodate him by not timely providing an ergonomic workstation and business class travel). Only the Second or Third Causes of Action will be tried in the upcoming trial; Plaintiff cannot recover short-term disability benefits as a remedy where his claims depend entirely on IBM's alleged failure to engage in a timely interactive process or provide reasonable accommodation by not providing an ergonomic workstation or approving business class travel on domestic flights. Plaintiff's motion misrepresents thus IBM's position and his own stated theories of recovery in an eleventh hour ploy to retool the *de minimis* nature of his accommodation claims through a theory he expressly omitted in discovery.

## II. PROCEDURAL HISTORY

Plaintiff's Complaint asserts five causes of action against IBM. On November 13, 2015, the Court granted partial summary judgment to IBM, disposing of Plaintiff's: (1) First Cause of Action, alleging IBM discriminated against and terminated him based on disability; (2) Fourth Cause of Action, alleging IBM committed fraud by inducing him to withdraw his previously approved request for short-term disability leave; and (3) Fifth Cause of Action, alleging wrongful termination in violation of public policy. [ECF No. 50.] The Court denied summary judgment to

1  IBM on Plaintiff's Second and Third Causes of Action for failure to engage in a timely interactive
2  process and reasonable accommodation respectively. [*Id*.]

3  IBM's Motion *In Limine* No. 3 asked the Court to preclude evidence or argument related
4  to the dismissed causes of action, including any remedies that might be available under those
5  causes of action, in accordance with Federal Rules of Evidence 402 and 403.

6  Motion *In Limine* No. 3 also asked the Court to rule that "Plaintiff Cannot Introduce a
7  Theory of Accommodation that He Failed to Disclose in Response to IBM's Specific
8  Interrogatories." [IBM Motion *In Limine* No. 3 (ECF 62), p. 4]  Critically, IBM emphasized that
9  it was the theory of accommodation that he failed to disclose in response to IBM's interrogatories
10 *with respect to his Second and Third Causes of Action*.  IBM never claimed that Plaintiff did not
11 disclose that he sought short-term disability benefits (nor, apparently, long-term disability
12 benefits) because he did so pursuant to his Fourth Cause of Action.  Plaintiff's fraud claim is why
13 IBM questioned him about short-term disability benefits.

14  By failing to note this critical distinction, Plaintiff misrepresents IBM's position.  He also
15 neglects to account for his indisputable responses to IBM's interrogatories which he served well
16 *after* his deposition and which make no mention of short-term disability as a basis for either his
17 Second or Third Causes of Action.  By excluding short-term disability leave from these
18 responses, Plaintiff confirmed that denial of short-term disability was not part of his Second or
19 Third Causes of Action.

20  Further, Plaintiff ignores that portion of the Court's ruling on summary judgment, which
21 correctly found that IBM had in fact granted his request for short-term disability leave – only to
22 have Plaintiff withdraw his leave request voluntarily.  Thus, the very notion that IBM failed to
23 consider short-term disability lacks merit. (On the other hand, the fact IBM actually did offer him
24 short-term disability explains why Plaintiff originally chose to package his denial of short-term
25 disability leave theory under his Fourth Cause of Action for fraudulent inducement.)

26  **A.   Plaintiff's Responses To IBM's Interrogatories Were Clear and Complete.**

27  As Plaintiff notes, IBM deposed Plaintiff on December 8, 2014.  [Plaintiff's Motion for
28 Leave to File Motion for Reconsideration, 1:7-19]  On January 27, 2015, IBM followed up on

1  Plaintiff's deposition with a set of simple interrogatories, which sought, in part, to clarify the
2  bases for Plaintiff's claims.

3  On March 20, 2015, Plaintiff responded to Interrogatories from IBM.  Interrogatory No. 5
4  asked Plaintiff to: "*State all facts that support your allegation that IBM denied your reasonable*
5  *accommodation.*"  Plaintiff's response was, simply, *"It took an inordinately long time for IBM to*
6  *approve his request for business air travel, his request for ergonomic furniture was never*
7  *fulfilled."*  Thus, when given the opportunity to disclose all facts in support of his alleged denial
8  of reasonable accommodation, Plaintiff failed to identify the notion that he was not afforded the
9  opportunity to take short-term disability leave as a form of reasonable accommodation.  [*See* ECF
10 63, Declaration of Mitchell F. Boomer in Support of Motion *In Limine* No. 3 ("Boomer Decl.") at
11 Exhibit X, p. 2.]  Tellingly, Plaintiff did not proffer any objection or contend that the
12 interrogatory was somehow unclear.

13 Similarly, Interrogatory No. 8 asked Plaintiff to: "*State all facts support your second*
14 *claim for relief for disability discrimination in failure to engage in a timely, good faith interactive*
15 *process.*"  Plaintiff responded only as follows: "*Plaintiff asked for an ergonomic office, which*
16 *IBM never set up.*"  Again, Plaintiff failed to disclose the theory he now seeks to assert that IBM
17 should have interacted with him about the possibility of short-term disability leave as a form of
18 reasonable accommodation.  [*See* Boomer Decl. at Exhibit X, p. 3.]  In short, no question exists
19 that Plaintiff failed to disclose his newly divined "leave as a form of reasonable accommodation"
20 theory in response to IBM's express interrogatories.

21 **B.    The Undisputed Record Shows IBM Actually Offered Plaintiff Short-Term Disability Leave, Per His Request, But That He Withdrew His Request For Leave.**
22

23 Plaintiff's motion completely ignores the undisputed record, evinced by his own
24 admissions, which makes clear that Plaintiff requested short-term disability leave from IBM, that
25 IBM approved his request, only to cancel his short-term disability leave *at Plaintiff's request* and
26 with the imprimatur of Plaintiff's doctor.  [*See* ECF 41, Plaintiff Gupta's Declaration in Support
27 of Plaintiff's Opposition to Defendant's Motion for Summary Judgment at ¶ 43, Ex. O;
28 Deposition of Piyush Gupta ("Plaintiff's Depo.") at 91-92, 96, 150-51, 153; ECF 34, Declaration

of Inhi Suh ("Suh Decl.") at ¶ 18; Suh Decl., Ex. F.]

Accordingly, the Court rejected Plaintiff's Fourth Cause of Action for fraud, which alleged IBM fraudulently induced him to withdraw his short-term disability leave. [*See* Court's Order Granting Partial Summary Judgment, ECF 50.] The Court specifically found that:

> Plaintiff consulted with his physician, and on July 3nd, he applied for short-term disability at IBM. Pl. Decl. at ¶ 38; Pl. Dep. at 92.

[*See* Order Granting Partial Summary Judgment [ECF 50], p. 4:14-15.] The Court then found:

> On July 19th, Nurse Temo emailed Plaintiff notifying him that his short-term disability request had been approved for July 10th through August 18th, 2013. Pl. Decl. at ¶ 43, Ex. O; Pl. Dep. at 91, 150-151. Upon realizing that the short-term disability leave would conflict with his business trip to India, Plaintiff spoke to Nurse Temo about delaying the leave. Pl. Dep. at 91; Pld. Decl., Ex. O. Nurse Temo informed Plaintiff that the only way to change the short-term disability arrangement was for Plaintiff's physician to approve the change. Id. Plaintiff then contacted his physician and requested a change on his short-term disability leave so that he could make the business trip to India. Pl. Dep. at 92-92, 96. On the same day, Plaintiff notified Nurse Temo that his physician would be sending a notification to disregard the short-term disability request. Pl. Decl., ex. O. On July 24th, Nurse Temo emailed Ms. Suh to disregard Plaintiff's previous request for short-term disability. Pl. Dep. at 153; Suh Decl. at ¶ 18; Suh Decl., Ex. F.

[Order Granting Partial Summary Judgment [ECF 50], p. 4:25-5:9.] Plaintiff's new notion that IBM failed to discuss short-term disability leave as an accommodation thus ignores settled facts.

## II.   ARGUMENT

### A.   Reconsideration Is An Extraordinary Remedy.

The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. Proc. 1. Plaintiff's motion seeks to unfairly introduce previously unrevealed theories on the eve of trial, which can only result in delay and unjustified expense.

"A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts,* 543 U.S. 462, 475 (2005). However, reconsideration is an "extraordinary remedy, to be used sparingly." Absent highly unusual

circumstances, a motion for reconsideration will not be granted "unless the district court is presented with ***newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law***." *Kona Enterprises, Inc. v. Estate of Bishop,* 299 F. 3d 877, 890 (9th Cir. 2000); *Villanueva v. United States,* 662 F. 3d 124, 128 (where movant shows court has misunderstood the party or made error of apprehension, reconsideration may be proper.)

### B. Plaintiff Has Not Articulated Valid Grounds For Reconsideration.

Plaintiff's sole basis for urging leave to file a motion for reconsideration does not involve "newly discovered evidence," or "legal error," or an "intervening change in the controlling law." Instead, he contends IBM misled the Court. As explained above, however, Plaintiff either misunderstands or deliberately misstates IBM's position.

Plaintiff wrongly contends IBM asserted that he did not disclose his claim for short-term disability benefits. To the contrary, IBM instead maintains that Plaintiff's very clear interrogatory responses did not assert denial of short-term disability leave as part of his *Second or Third Causes of Action*. Further, Plaintiff's Points and Authorities in Opposition to IBM's summary judgment motion did not raise this new theory as a basis for defeating IBM's motion on his Second or Third Causes of Action.

Interrogatory responses must be separate and full (i.e., complete). Fed. R. Civ. Proc. 33(b)(3). Plaintiff verified his interrogatory responses, and they are signed by his attorney. Despite the substantial interlude of time, Plaintiff never supplemented or corrected his answers as required by Federal Rule of Civil Procedure 26(e).

IBM thus relied upon Plaintiff's straightforward responses to its interrogatories, which purported to describe <u>all</u> facts upon which he based his Second and Third Causes of Action, and omitted any mention of "denial of short-term disability leave" as either a possible form of accommodation or something that should have been discussed in the interactive process. [*See* Plaintiff's Responses to IBM's Interrogatories Nos. 5, 8, and 9, at ECF 63 (Boomer Decl., Ex. X, p. 2-4)]

Although some courts once held that interrogatory answers are not as binding as admissions (*See Victory Carriers Inc. v. Stockton Stevedoring Co.,* 388 F.2d 955, 959 (9th Cir.

1 1968)), Fed. R. Civ. Proc. 33(c) expressly provides that interrogatory responses may be used to
2 the full extent allowed by the Federal Rules of Evidence. Interrogatory responses constitute
3 admissions against interest, and are thus binding on the party who provides such response. Fed.
4 R. Evid. 801(d)(2)(A),(B) and (C); *Grace v. United States*, 754 F. Supp. 585, 599-600 (W.D.
5 N.Y. 2010) (discovery responses constitute binding judicial admission where party relied on the
6 response and would be prejudiced by change).

7 For all these reasons, the Court should treat Plaintiff's interrogatory response as
8 admissions, and preclude Plaintiff from ignoring his prior responses to assert a previously
9 undisclosed theory on the eve of trial. Alternatively, Plaintiff's new theory completely lacks
10 substance. As noted above, IBM indisputably approved Plaintiff's request for short-term
11 disability leave, only to watch Plaintiff subsequently withdraw his leave request.

12 Under these unique circumstances, to allow Plaintiff to raise a new theory *in support of*
13 *his Second and Third Causes of Action* in the upcoming trial would prejudice Defendant
14 substantially. IBM has based its trial preparation on the record before it with respect to Plaintiff's
15 Second and Third Causes of Action. Plaintiff's new theory would also inflate the length of time
16 necessary to conduct the trial, and result in a *de facto* reopening of Plaintiff's Fourth Cause of
17 Action for fraudulent inducement, which the Court has already dismissed on summary judgment.
18 The Court should not indulge Plaintiff's backdoor attempt to re-litigate issues that were
19 previously and fairly resolved.

20 **III.  CONCLUSION**

21 For all the reasons set forth above, the Court should deny Plaintiff's motion for leave to
22 file a motion for reconsideration. Plaintiff simply has offered no newly discovered facts or
23 evidence, no any basis whatsoever, to support recovery of either short-term or long-term
24 disability benefits as a remedy under his Second or Third Causes of Action. As IBM stated
25 precisely in its Motion *In Limine* No. 3, Plaintiff should be precluded from asserting such a theory
26 because (1) he failed to disclose it in response to IBM's interrogatories, and (2) the record already
27 before the Court makes clear that IBM actually approved a request for short-term disability leave
28 for Plaintiff, but Plaintiff unilaterally had his doctors withdraw his request for leave, thereby

canceling the accommodation he now appears to argue he was denied. [*See* IBM's Motion *In Limine* No. 3, p. 4.]

Dated:  December 29, 2015            JACKSON LEWIS P.C.

                By:  s/Mitchell F. Boomer
                     Mitchell F. Boomer
                     Alka Ramchandani
                     Attorneys for Defendant
                     INTERNATIONAL BUSINESS MACHINES CORPORATION