UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIYUSH GUPTA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION (IBM),<br><br>　　　　Defendant. | Case No. 5:14-cv-01358-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 103 |

## I.   INTRODUCTION

The above-entitled action is presently scheduled to commence a jury trial on January 5, 2016. Two of Plaintiff Piyush Gupta's claims ("Plaintiff") are set to be tried: (1) the second claim for failure to engage in a timely, good faith interactive process, and (2) the third claim for failure to provide a disability accommodation.

Both parties filed motions in limine in anticipation of the trial and on December 16, 2015, this court issued a written order addressing several of those motions. See Docket Item No. 90. There, among other rulings, the court denied Plaintiff's third motion in limine which sought to exclude any and all testimony, reference or argument indicating that the jury may not consider whether Defendant IBM ("IBM") could have offered some form of leave of absence, such as short term disability leave, as a form of reasonable accommodation. The court also granted IBM's third motion in limine which essentially sought the opposite relief; to preclude Plaintiff from offering evidence or otherwise arguing a theory that IBM failed to accommodate Plaintiff's disability by not discussing the availability of medical leave as a form of accommodation. As a basis for these rulings, the court reasoned that Plaintiff had failed to disclose previously that his remaining two

1

Case No.: 5:14-cv-01358-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

claims were based on the allegation that IBM failed to offer him some form of disability leave as a possible accommodation.

In response to these rulings, Plaintiff made an oral motion for reconsideration at the pretrial conference on December 17, 2015. He also requested leave to amend the complaint in order to include disability benefits as a possible accommodation that was not offered to him. IBM opposed the motion, and the court indicated on the record it would deny it. A written order denying the motion was then filed later that same day. See Docket Item No. 94.

Plaintiff now moves for leave to file a motion for reconsideration of the order denying his third motion in limine. See Docket Item No. 103. The court has carefully considered this motion, but again finds no reason to alter the ruling. Thus, the motion will be denied for the reasons explained below.

## II. DISCUSSION

In this district, motions for reconsideration may not be filed without leave of court. Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). To succeed, a request for such leave must have two attributes. First, the moving party must demonstrate at least one of the following grounds:

> (1) That at the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Second, the party may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c).

2
Case No.: 5:14-cv-01358-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

Plaintiff contends that reconsideration is warranted because "IBM incorrectly represented to the court that Plaintiff never disclosed during the litigation process that he had requested disability leave as a form of reasonable accommodation." In support of that argument, Plaintiff provides excerpts from his deposition which suggest that Plaintiff revealed his intent to assert disability benefits as a potential accommodation. For example, in response to a question seeking to clarify whether his accommodation claim was based on anything other than "business travel approval and the ergonomic furniture," Plaintiff stated: "Yeah, those two and the disability. Those are the three that we're talking about." He believes these statements "unequivocally establish that, at all times, Plaintiff has maintained, and indeed made explicitly clear" that disability benefits were at issue for his failure to accommodate and failure to engage claims.

In the context of Rule 7-9, however, mere citation to this previously-undisclosed deposition testimony is insufficient itself to obtain leave to file a motion for reconsideration. This is because Plaintiff has attempted to show, as a basis for this motion, that there exists a material difference in fact from that which was presented to the court when it issued rulings on the parties' motion in limine. Along with that, Rule 7-9 required Plaintiff to do something more than just bring forth some new fact; he must also show under a reasonable diligence standard that he was unaware of the new fact in the first instance. Otherwise, the fact is not "new" but is instead available information which, for whatever reason, was not previously raised.

Here, recognizing that Plaintiff's deposition was taken a year prior to pretrial conference, his counsel represents he had forgotten that Plaintiff made these statements but that they resurfaced during a pre-trial review of the deposition transcript. Further, Plaintiff's counsel explains that he failed to raise these statements at the December 17th pretrial conference because he did not have time to re-read the deposition transcript and does not have resources comparable to that of IBM's counsel. Plaintiff's counsel also suggests that, had the court granted a trial continuance, he "would have had more time to review the deposition and correct IBM's mischaracterization of the record."

1    With this explanation, Plaintiff has not established reasonable diligence. First and most
2    importantly, Plaintiff's counsel did not state he was unaware of Plaintiff's deposition, but rather
3    states he forgot what statements Plaintiff made. Accordingly, nothing Plaintiff said at the
4    deposition constitutes a new fact that could not have been raised earlier.

5    Second, knowing that Plaintiff's deposition had been taken, the fact that his counsel did
6    not review the transcript at any time prior to the eve of trial cannot be equated with a finding of
7    reasonable diligence. Indeed, Plaintiff had three previous opportunities to submit this evidence -
8    first with his own motions in limine, second with his opposition to IBM's motions in limine, and
9    third at the pretrial conference when the very issue concerning disability benefits was argued - but
10   he did not, and the resources that may or may not be available to IBM's counsel have no bearing
11   on when and how Plaintiff should prepare for trial.

12   Third, the court notes that the trial date and pretrial deadlines for this case were scheduled
13   and reserved on the court's calendar in April, 2015, which allowed for more than sufficient time
14   for the review of a deposition transcript. Moreover, the parties represented in their joint pretrial
15   statement filed on December 3, 2015, that "[i]f the case remains scheduled to commence on
16   January 5, 2016, the parties will be ready to proceed with jury trial." With that representation, a
17   two-week continuance of the commencement of trial - which was requested not to complete
18   preparations but to allow for a ruling on a motion to remand in another case that has since been
19   sent back to state court - would not have assisted Plaintiff in an effort to show reasonable
20   diligence. Either way, Plaintiff's counsel apparently would not have reviewed the deposition
21   transcript until shortly before trial.

22   In addition, the court must note what is left unanswered by the instant motion. As noted in
23   the order filed on December 17th addressing Plaintiff's oral motion for leave to amend and for
24   reconsideration, Plaintiff answered interrogatories in March, 2015 – more than three months
25   subsequent to his deposition – in which he unequivocally stated that the failure to accommodate
26   and failure to engage claims were based on two items: (1) that it took "an inordinately long time"

4
Case No.: 5:14-cv-01358-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

for IBM to approve his request for business class air travel, and (2) that his request for ergonomic furniture was never fulfilled. No mention of disability benefits was made, and Plaintiff does not explain why he did not include those benefits in the interrogatory responses he provided to IBM after his deposition. Without such explanation, the court cannot find that it was unreasonable for IBM to rely on the interrogatory responses when fashioning its defense up through trial, since those responses constituted a more recent commentary on Plaintiff's theory of the case. Similarly, the court cannot agree that IBM necessarily mispresented anything in the motion in limine briefing because it is true that, as of March, 2015, Plaintiff had not citied disability benefits as a potential accommodation. Under these circumstances, it would be unduly prejudicial to IBM to permit Plaintiff to raise a theory right before trial that was not previously litigated in the context of his two remaining claims.

In sum, Plaintiff has only succeeded in identifying an argument that he could have made earlier but did not. Without a basis to find that he acted with reasonable diligence, such a showing cannot form the basis of a motion for reconsideration. See Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless."). The motion for leave to file such a motion must therefore be denied.

### III.   ORDER

The motion for leave to file a motion for reconsideration (Docket Item No. 103) is DENIED.

**IT IS SO ORDERED.**

Dated: December 29, 2015

_____
EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:14-cv-01358-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No.: 5:14-cv-01358-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION